17-1825
Chen v. Barr

BIA
Nelson, IJ
A078 863 122

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
    JOHN M. WALKER, JR.,
    REENA RAGGI,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

HUI CHEN,
        *Petitioner*,

    v.                                          17-1825
                                                NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Jeffery R.
                       Leist, Senior Litigation Counsel;
                       Kathleen Kelly Volkert, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Chen, a native and citizen of the People's Republic of China, seeks review of a May 11, 2017 decision of the BIA affirming a November 3, 2016 decision of an Immigration Judge ("IJ") denying Chen's motion to rescind her removal order entered in absentia and reopen her removal proceedings. *In re Hui Chen*, No. A078 863 122 (B.I.A. May 11, 2017), *aff'g* No. A078 863 122 (Immig. Ct. N.Y. City Nov. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The only ruling Chen challenges is the denial of her motion to rescind. We review the denial of a motion to rescind an in

2

absentia removal order for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

The agency did not abuse its discretion in denying Chen's motion to rescind. An in absentia removal order "may be rescinded only-- (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . ., or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C); see 8 C.F.R. § 1003.23(b)(4)(ii). Because Chen received notice of her 2003 hearing, her motion to rescind was subject to the 180-day time limit. *See* 8 U.S.C. § 1229a(b)(5)(C); *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006). It is undisputed that Chen's 2016 motion to rescind was untimely because the IJ issued the in absentia removal order more than 13 years earlier in 2003. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Chen argued that her prior counsel was responsible for her failure to timely appear and therefore the 180-day filing period should be tolled.

Although ineffective assistance may provide a basis for equitable tolling of the filing period, *see Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006), to obtain equitable tolling, an alien is required to demonstrate "due diligence" in pursuing her claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). The agency did not err in finding that Chen failed to establish due diligence because she knew about the alleged ineffective assistance when she filed her first motion to rescind in 2003 and did not assert that she took any action in her case for the 13 years between 2003, when the IJ denied that initial motion, and 2016, when she requested her immigration records so she could move to rescind again. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (placing burden on petitioner to prove due diligence). Accordingly, the agency reasonably determined that Chen failed to demonstrate due diligence, and that her ineffective assistance claim was foreclosed as a result. *See Rashid*, 533 F.3d at 132-33.

We do not address Chen's challenges to the IJ's alternative bases for rejecting her ineffective assistance of counsel claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5